UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               Case No. 18-cr-20555
vs.                                               HON. MARK A. GOLDSMITH

NATHANIEL BLAND,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF ORDER OF DETENTION

On August 2, 2018, Magistrate Judge Majzoub ordered that Defendant Nathaniel Bland be detained pending trial (Dkt. 9). Thereafter, Bland filed a motion to revoke that detention order under 18 U.S.C. §§ 3145(b) and 3142. Upon de novo review, see United States v. Yamini, 91 F. Supp. 2d 1125, 1127-28 (S.D. Ohio 2000), the Court denies Bland's motion.

The Bail Reform Act, 18 U.S.C. §3142, governs the release or detention of a defendant pending trial. Under the Act, a defendant may be detained pending trial only if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(e). A judicial officer's finding of dangerousness must be "supported by clear and convincing evidence," 18 U.S.C. §3142(f)(2)(B), whereas a finding that detention is necessary to assure the

defendant's appearance must be supported by preponderance of the evidence, <u>United States v. Hinton</u>, 113 Fed.Appx. 76, 77 (6th Cir. 2004).

Section 3142(g) of The Bail Reform Act sets out certain factors to be considered in making the detention/bond determination. Those factors are (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. §3142(g).

Under these standards, the magistrate judge determined that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community (Dk. 9, PageID.15). The Court agrees.

Considering the above-listed factors, the Court concludes that there is clear and convincing evidence that there are no conditions or combination of conditions

of release that would reasonably assure the safety of the community. The Court reaches this conclusion in light of the serious nature of the offenses charged: felon in possession of a firearm and ammunition. Felons in possession of firearms are undoubtedly aware that such activity is illegal, so their act of possessing firearms illustrates a knowing disregard for the law. Further, Title 18 U.S.C. §3142(g)(1) instructs the Court to pay particular note to whether the charged offense involves a firearm.

Bland also has a lengthy criminal history, including offenses which represent a threat to the community. On April 9, 2001, Bland was convicted of possession of cocaine less than 25 grams. On December 9, 2009, he was convicted of delivery of controlled substances less than 50 grams. On October 13, 2016, he was convicted of providing false information to police. On June 26, 2017, he was convicted of failure to pay child support. On June 30, 2017, Bland was again convicted of drug distribution, specifically delivery/manufacture of methamphetamine/ecstasy. Finally, on July 5, 2017, Bland was convicted of fourth degree child abuse.

Bland also has a history of non-compliance with previous court orders. For his 2001 drug conviction, Bland violated his probation, which was closed by the court without improvement. For his 2009 drug delivery conviction, the court revoked Bland's probation after he physically assaulted another patient at a rehabilitation facility. Also highly relevant to the Court's inquiry is that, at the time

of the currently charged incident, Bland was on probation for the 2017 drug trafficking and child support cases. See 18 U.S.C. §3142(g)(3)(B). Warrants for violation of probation have been issued in those cases.

Bland has an extensive history of drug abuse, and serious mental health conditions for which he is being treated. These facts reinforce the concern that he poses a danger to the community and will perpetuate his history of non-compliance with court orders.

Finally, Bland's troubling use of social media to pose with firearms and ostensibly to sell firearms does not help his cause. Bland appears in multiple photographs with various types of firearms and conversations on social media demonstrate his attempt to sell firearms ("what's your number I got a 20 shot m1 rifle on the floor fa the lows 200$"). These details only serve to increase the weight of the evidence of Bland's dangerousness, which is persuasive.

The totality of these facts demonstrates that no condition or set of conditions will reasonably assure the safety of the community.

For the above stated reasons, Bland's motion for revocation of his detention order (Dkt. 14) is denied.

SO ORDERED.

Dated: September 27, 2018           s/Mark A. Goldsmith
   Detroit, Michigan                MARK A. GOLDSMITH
                                          United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 27, 2018.

                                                    s/Karri Sandusky  
                                                    Case Manager