UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

Case No. 18-20555
Hon. Mark A. Goldsmith

NATHANIEL BLAND,

        Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT NATHANIEL BLAND'S MOTION FOR COMPASSIONATE
RELEASE (Dkt. 39)**

The Court received a letter by Defendant Nathaniel Bland on May 5, 2020, which the Court construed as a motion for compassionate release due to the impact of the Coronavirus pandemic (Dkt. 39). Bland was sentenced on December 5, 2019, to 39 months' imprisonment after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). See Judgment (Dkt. 38). In the present motion, Bland seeks compassionate release and requests that the Court reduce the remaining months of his prison sentence to home confinement because of the dangers posed by COVID-19. For the reasons that follow, the Court denies Bland's motion.

### I. BACKGROUND

Bland is currently serving his sentence at the Federal Correctional Institution ("FCI") in Milan, Michigan. FCI Milan has had seventy-two confirmed cases of COVID-19 among its inmates, but only five are still pending recovery.[1] The Bureau of Prisons ("BOP") has been given increased authority to place federal prisoners in home confinement based on the threat posed by

---

[1] https://www.bop.gov/coronavirus/ (last visited on May 26, 2020).

COVID-19, and it is conducting a case-by-case analysis of its inmates to evaluate the feasibility of home confinement. Resp. at 2-3, 11.

Bland is thirty-nine years old, and has Type II diabetes and hypertension. Bland Medical Records, Ex. 1 to Gov't Resp., at PageID.235. (Dkt. 43-1). On March 26, 2020, Bland requested compassionate release from the BOP, which was denied. He then filed the present motion seeking a reduction in sentence from this Court under the First Step Act. A week later, Bland tested positive for COVID-19. Id. at PageID.218. Bland experienced mild symptoms, recovered, and was released back to his unit on May 6, 2020. Id. at PageID.191-208.

## II.     LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id.

The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

### III.   ANALYSIS

Bland has an elevated risk of developing the more severe symptoms of COVID-19 due to his Type II diabetes and hypertension.[2] However, that risk did not manifest when Bland contracted COVID-19 and experienced milder COVID-19 symptoms. Fortunately, after treatment at FCI Milan, Bland recovered and was released back to his unit. It is not yet clear whether an individual can contract COVID-19 a second time, but according to the Center for Disease Control, re-infection of similar type viruses is unlikely.[3]

The risk of contracting COVID-19 a second time and potentially developing a more severe response is not akin to the type of "extraordinary and compelling reasons" justifying compassionate release identified by the Sentencing Commission. Additionally, Bland's risk of a second infection is further mitigated by the measures FCI Milan has taken to reduce inmate infections. FCI Milan has had seventy-two confirmed cases of COVID-19 among its inmates. The number of cases now pending at the facility is five.

In light of Bland's recovery and access to medical services at FCI Milan, the risk that Bland may contract COVID-19 a second time does not fall in the category of illnesses with an end of life

---

[2]   See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on May 26, 2020).

[3]   See https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html (explaining viral immunity) (last visited on May 26, 2020).

trajectory, or other reasons, under the guidelines. A reduction in sentence would not be consistent with the policy statements issued by the Sentencing Commission.[4]

Therefore, Bland is not entitled to compassionate release.

## IV. CONCLUSION

For the reasons stated above, Bland's motion for compassionate release (Dkt. 39) is denied.

SO ORDERED.

Dated: May 28, 2020　　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2020.

　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　Case Manager

---

[4] Even in the context of pretrial release—which is not confined by the stringencies of the "extraordinary and compelling reasons" standard applicable here—courts have not granted relief from custody without a strong showing that a prisoner has a significant risk of suffering harm from COVID-19. See, e.g., United States v. Wise, No. 18-20799, 2020 WL 1873364, at *3 (E.D. Mich. Apr. 15, 2020); United States v. Brown, No. 13-20337, 2020 WL 2092651, at *5-7 (E.D. Mich. May 1, 2020).